1  R. TODD LUOMA (Cal. State Bar No. 140066)
   BETTY J. WILLIAMS (Cal. State Bar No. 224793)
2  Law Office of Williams & Associates, PC
   3600 American River Drive, Suite 135
3  Sacramento, California  95864
   (916) 488-8501
4  (916) 488-8196 fax
   todd@williamslawassociates.com
5  betty@williamslawassociates.com

6  Attorneys for Petitioner

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  DONALD M. WANLAND, JR.              )   Case No.
                                        )
12                                      )
                 Petitioner,            )
13                                      )   PETITION TO QUASH INTERNAL
                                        )   REVENUE SERVICE THIRD-PARTY
14                                      )   SUMMONS
    vs.                                 )
15                                      )   Section 7609(b), Title 26 of the United States
                                        )   Code
16  UNITED STATES OF AMERICA,           )
                                        )
17                 Respondent.          )
                                        )
18                                      )
                                        )
19

20                          **PETITION TO QUASH**
          **INTERNAL REVENUE SERVICE THIRD-PARTY SUMMONS**

21          COMES NOW petitioner, Donald M. Wanland, Jr., by and through his attorneys, and

22  petitions this Court to quash two administrative summonses issued by the Internal Revenue Service

23  to U.S. Bank, stating and alleging as follows:

24          1.      This Court has jurisdiction to hear this petition pursuant to the provisions of Section

25  7609(h) of the Internal Revenue Code (Title 26 of the United States Code)(hereafter referred to as

26  "the Code").  The summoned party is U.S. Bank.  Although U.S. Bank is headquartered in

27  Minneapolis, Minnesota, it does business throughout the Eastern District of California.  Petitioner

28  does business with the U.S. Bank branch located in this district.

                                          1

2.      This Court also has jurisdiction of this case pursuant to the provisions of Section 1340 of Title 28 of the United States Code.

3.      Petitioner resides within the Eastern District of California.

4.      Respondent is the United States of America, for and on behalf of the Internal Revenue Service of the Department of the Treasury.

5.      Revenue Officer Joe Smith (hereafter referred to as "Revenue Officer Smith") is an employee of the Internal Revenue Service.  On or about September 30, 2011, Revenue Officer Smith served two administrative summonses on U.S. Bank by mailing them to U.S. Bank's legal office at corporate headquarters in Minneapolis, Minnesota, ostensibly pursuant to the provisions of Section 7602(a) of the Code.  Attached as Exhibits A and B are copies of the two summonses referred to in this paragraph.

6.      Each of the summons require U.S. Bank "to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning" petitioner for "Form 1040 for the calendar period ending December 31, 2003."

7.      U.S. Bank is a "third-party recordkeeper" as that term is defined in Section 7603(b)(2)(A) of the Code.

8.      Revenue Officer Smith did not give notice of the issuance of the summonses to petitioner pursuant to the provisions of Section 7609(a)(1) of the Code, which requires that the Internal Revenue Service, at a minimum, give petitioner notice of the summons at his last known address within three days of service of the summonses, and no later than the 23rd day before the day fixed for the production of documents as set forth in the summonses.

9.      Petitioner's tax year 2003 has been referred from the Internal Revenue Service to the U.S. Department of Justice for prosecution.  The case is pending in the U.S. District Court for the Eastern District of California, Case No. 09-cr-008 LKK, entitled United States of America v. Donald M. Wanland, Jr.

2

10.   Petitioner filed a petition in bankruptcy, which was converted to a Chapter 7 bankruptcy proceeding on October 16, 2007, more than three years after he filed his 2003 federal income tax return.  Attached as Exhibit C is a copy of the order converting the case to a Chapter 7 proceeding.

11.   Petitioner received a discharge in bankruptcy on June 8, 2011, which included federal income tax liabilities for a number of periods, including tax year 2003.  Attached as Exhibit D is a copy of the order discharging petitioner of his liabilities.

12.   The United States government in a brief filed in the criminal proceeding stated that petitioner's federal tax liabilities, including tax year 2003, were discharged in bankruptcy.  Attached as Exhibit E is a copy of a brief (without attachments) filed in opposition to a motion to dismiss the criminal proceedings against petitioner.  The operative statement is found at page 3, lines 2 through 4.

13.   The summonses are invalid or improper for the following reasons and should be quashed:

a.   Section 7602(d)(1) of the Code specifically states that "[n]o summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person."  Section 7602(d)(2)(A)(i)  of the Code provides that a referral is in effect if "the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person [i.e., the target of the summons] for any offense connected with the administration or enforcement of the internal revenue laws."

In this case, a referral has been made to the Attorney General for prosecution of the target of the summons.  In this case, the target of the administrative summons is petitioner.  The year at issue in the summons is 2003.  The referral for prosecution is for tax years 2000 through 2003.

The Code provides for the termination of the referral to the Justice Department for purposes of the prohibition set out in Section 7602(d)(1) of the Code.  Pursuant to the provisions of Section 7602(d)(2)(B) of the Code, the prohibition of issuing a summons is terminated if the Attorney

3

General states he will not prosecute the target for any offense (Section 7602(d)(2)(B)(i)(I) of the Code); he will not authorize a grand jury investigation (Section 7602(d)(2)(B)(i)(II) of the Code); he will discontinue a grand jury investigation (Section 7602(d)(2)(B)(i)(III) of the Code);  a final disposition has been made of any criminal proceeding (Section 7602(d)(2)(B)(ii) of the Code); or the Attorney General advises the Secretary that he will not prosecute the target (Section 7602(d)(2)(B)(iii) of the Code).

The referral in this case has not been terminated by any provision of the statute.  The criminal proceeding is still pending.  Therefore, the issuance of the administrative summonses to U.S. Bank to obtain documents and information is improper and should be quashed.

b.      Revenue Officer Smith has stated that the administrative summonses were issued "in aid of collection" of petitioner's federal income tax liabilities for 2003.  It appears, however, that there are no outstanding federal income tax liabilities in existence.  According to the U.S. Attorney's Office, the federal tax liabilities of petitioner were discharged in the amount of $1.2 million as a result of the order of discharge entered in petitioner's bankruptcy proceeding.  See Exhibits D and E. A copy of the Internal Revenue Service's proof of claim, attached as Exhibit F (claim form without copies of facsimiles of the tax liens), shows a total liability of $1.185 million in debt, which includes tax year 2003.  Given the U.S. Attorney's statement that $1.2 million has been discharged in bankruptcy, there is no amount due for 2003.  Therefore, any summons issue "in aid of collection" for a debt that does not exist is inappropriate.  Consequently, the summonses issued to U.S. Bank relative to petitioner's 2003 tax year should be quashed.

c.      As noted above, Revenue Officer Smith stated that the administrative summonses were purportedly issued "in aid of collection" of a tax debt.  Under Section 7609(c )(2)(D) of the Code, if an administrative summons is issued "in aid of collection" of a tax assessment or judgment, then the Internal Revenue Service need not give the target of the summons notice that such summons was issued to a third-party recordkeeper, which is the general rule under Section 7609(a)(1) of the Code.  Ostensibly this was the reason that Revenue Officer Smith did not give notice of the summonses at issue in this case to petitioner.  Yet the summonses at issue go well beyond being

4

issued "in aid of collection."

In this case, each of the summons demand that U.S. Bank produce "books, records, papers, and other data *relating to the tax liability* or the collection of the tax liability *or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws* concerning the person identified above for the periods shown." [Emphasis added.] The summonses, on their face, clearly indicate that the summonses are for purposes going beyond "aid in collection."  Since the summonses seek more than "aid in collection" of a tax debt, the exception to the notice provisions set out in Section 7609(c )(2)(D) of the Code is inoperable. Consequently, the Internal Revenue Service must comply with the notice provisions set out in Section 7609(a)(1) of the Code.

Yet the Internal Revenue Service did not comply with the notice provisions.  Revenue Officer Smith did not mail copies of the summonses to petitioner.  Even if he had, the address on the summonses for petitioner is erroneous.  Petitioner has never lived at 2483 American River Drive in Sacramento, California.  Moreover, on the summonses, on their face, show that the notice provision was violated.

The summonses each were dated September 30, 2011, and required production of documents and information by October 14, 2011.  Section 7609(a)(1) of the Code, however, provides that notice must be given to the target of the summons (in this case, the petitioner) no less than 23 days prior to the date of production of the documents and information.  To meet the 23 day notice requirement, the Internal Revenue Service would have had to provide notice to petitioner by September 22, 2011. This, however, was impossible since the summonses were not dated until September 30, 2011. Thus, the Internal Revenue Service did not meet its burden to provide notice to petitioner of the third-party recordkeeper summonses it issued to U.S. Bank with regard to petitioner's 2003 tax year.

/ / /

/ / /

/ / /

/ / /

5

PETITION TO QUASH INTERNAL REVENUE SERIVCE THIRD-PARTY SUMMONS

1

2      WHEREFORE, petitioner Donald M. Wanland, Jr., by and through his attorneys, prays that

3  the summonses at issue in this case be quashed and for all such other just and proper relief to which

   he is entitled.

4
                                        Respectfully submitted,
5
                                        DONALD M. WANLAND, JR., PETITIONER
6

7
   Dated: October 12, 2011
8                                  by      /s/ R. Todd Luoma
                                           R. TODD LUOMA
9                                          Law Office of Williams & Associates, PC
                                           3600 American River Drive, Suite 135
10                                         Sacramento, California  95864
                                           (916) 488-8501
11                                         (916) 488-8196 fax
                                           todd@williamslawassociates.com
12

13                                 by      /s/ Betty J. Williams
                                           BETTY J. WILLIAMS
14                                         Law Office of Williams & Associates, PC
                                           3600 American River Drive, Suite 135
15                                         Sacramento, California  95864
                                           (916) 488-8501
16                                         (916) 488-8196 fax
                                           betty@williamslawassociates.com
17

18

19

20

21

22

23

24

25

26

27

28

                                           6

# EXHIBIT A



# Summons

In the matter of  **DONALD WANLAND JR., 2483 AMERICAN RIVER DR, SACRAMENTO, CA 95825**

Internal Revenue Service (Division): **SMALL BUSINESS/SELF EMPLOYED**

Industry/Area (name or number): **SB/SE AREA 7 (27)**

Periods:  **Form 1040 for the calendar period ending December 31, 2003**

## The Commissioner of Internal Revenue

To: **US BANK**

At: **US BANCORP CENTER, 800 NICOLLET MALL, MINNEAPOLIS, MN 55402**

You are hereby summoned and required to appear before JOE SMITH, an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Please provide all information in the Summons attachment. This summons applies to all accounts that Donald Wanland (SSN: ▮▮▮▮▮▮▮) has signature authority for. This summons also applies to accounts under the name of 705 University Partners, 705 University Ave. Sacramento CA. 95825.

### Do not write in this space

**Business address and telephone number of IRS officer before whom you are to appear:**

 1101 PACIFIC AVE, SUITE 300, SANTA CRUZ  CA 95060-4017 (831) 466-1515

**Place and time for appearance at**    MAIL TO: 1101 PACIFIC AVE, SUITE 300, SANTA CRUZ, CA 95060-4017

**IRS**

Department of the Treasury
Internal Revenue Service

www.irs.gov

Form 2039(Rev. 10-2010)
Catalog Number 21405J

on the  14th  day of  October  ,  2011  at  8:00  o'clock a  m.

Issued under authority of the Internal Revenue Code this  30th   day of  September         ,  2011

**JOE SMITH**
Signature of Issuing Officer

Signature of Approving Officer (if applicable)

**REVENUE OFFICER**
Title

**GROUP MANAGER**
Title

**Original — to be kept by IRS**

# SUMMONS ATTACHMENT

**IN THE MATTER OF:** __Donald Wanland_____
**SUMMONSED PARTY:** _US Bank_____

This summons pertains to all accounts in the name(s) of: Donald Wanland and 705 University Ave Partners. Additionally, accounts for which Donald Wanland has signature authority should be considered as subject to this summons. This summons requires the production of records from all accounts for the period of July 1, 2011 through date of compliance with this summons. Records required include (but are not limited to):

1. Monthly statements
2. Deposit offsets (front and back)
3. Deposit tickets
4. Teller Journal
5. Cancelled checks (front and back)
6. Cancelled certified checks (front and back)
7. Signature cards
8. Wires of funds along with related documents disclosing source of funds, funds transfer requests, and the destination of the funds along with any related correspondence, such as letters, memoranda, notes of contact, and email

Page 1 Of 2

## SUMMONS ATTACHMENT
## (CONTINUED)

**IN THE MATTER OF:  Donald Wanland**

**SUMMONSED PARTY:  US Bank**

**Note:  "UNDER IRC 7609 (c ) (2)(D), THIS SUMMONS IS EXEMPT FROM THE NOTICE REQUIREMENTS PERTAINING TO THIRD PARTY SUMMONSES."**

"I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original."

_____, Revenue Officer

Additional note to Summonsed Party:

Please furnish the statements, account application(s), and signature card(s) in advance of the other documents specified by this summons.  We will review the statements and return a copy with specific transactions noted for production of detailed records.

Page 2 of 2

sumbank

# EXHIBIT B



# Summons

In the matter of  DONALD WANLAND JR., 2483 AMERICAN RIVER DR, SACRAMENTO, CA 95825

Internal Revenue Service (Division): SMALL BUSINESS/SELF EMPLOYED

Industry/Area (name or number): SB/SE AREA 7 (27)

Periods:   Form 1040 for the calendar period ending December 31, 2003

## The Commissioner of Internal Revenue

To:  US BANK

At:  US BANCORP CENTER, 800 NICOLLET MALL, MINNEAPOLIS, MN 55402

You are hereby summoned and required to appear before JOE SMITH, an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Please provide all information in the Summons attachment. This summons applies to all accounts that Donald Wanland (SSN: ▓▓▓▓▓▓) has signature authority for. This summons also applies to accounts under the name of 705 University Partners, 705 University Ave. Sacramento CA. 95825.

Do not write in this space

Business address and telephone number of IRS officer before whom you are to appear:

 1101 PACIFIC AVE, SUITE 300, SANTA CRUZ CA 95060-4017 (831) 466-1515

Place and time for appearance at   MAIL TO: 1101 PACIFIC AVE, SUITE 300, SANTA CRUZ, CA 95060-4017

**IRS**

on the  15  day of  November  , 2011  at  8:00  o'clock  a  m.

Department of the Treasury
Internal Revenue Service

Issued under authority of the Internal Revenue Code this  30th  day of  September  , 2011

www.irs.gov

Form 2039 (Rev. 10-2010)
Catalog Number 21405J

JOE SMITH
Signature of Issuing Officer

REVENUE OFFICER
Title

GROUP MANAGER
Title

Signature of Approving Officer (if applicable)

Original — to be kept by IRS

# SUMMONS ATTACHMENT

**IN THE MATTER OF:** Donald Wanland
**SUMMONSED PARTY: US Bank**

This summons pertains to all accounts in the name(s) of: Donald Wanland and 705 University Ave. Ptrs. Additionally, accounts for which Donald Wanland has signature authority should be considered as subject to this summons. This summons requires production of records from all accounts for the period of January 1, 2001 through July 1, 2011. Records required include (but are not limited to):

1. Monthly statements
2. Deposit offsets (front and back) $500.00 or greater
3. Deposit tickets
4. Teller Journal
5. Cancelled checks (front and back)
6. Cancelled certified checks (front and back)
7. Signature cards
8. Account applications and associated statements and/or documents regarding the account holder.
9. Debit and credit memos
10. Loan applications, including lines of credit, commercial paper, and all documents related to loan(s), to include loan payment history
11. Financial statements
12. Safe deposit box entry cards
13. Cashier's checks and applications
14. Bank drafts and applications
15. Traveler's checks purchase agreements
16. Money orders and applications
17. Related ACH debit and credit history
18. Credit card transaction history
19. Foreign and domestic letters of credit and documentation showing the destination of funds
20. Wires of funds along with related documents disclosing source of funds, funds transfer requests, and the destination of the funds along with any related correspondence, such as letters, memoranda, notes of contact, and email
21. Agency agreements and contracts including (but not limited to) account management, property safekeeping and management, property transfers, and escrow services
22. Trust agreements
23. Closing transaction on the account (check, wire transfer, etc.) regardless of amount
24. All correspondence and other records maintained in connection with all accounts including (but not limited to) email, records of telephone conversations, memoranda, and letters

## SUMMONS ATTACHMENT
## (CONTINUED)

IN THE MATTER OF: Donald Wanland

SUMMONSED PARTY: US Bank

Note: "UNDER IRC 7609 (c ) (2)(D), THIS SUMMONS IS EXEMPT FROM THE NOTICE REQUIREMENTS PERTAINING TO THIRD PARTY SUMMONSES."

"I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original."

_____, Revenue Officer

Page 2 of 2

Sunbank

# EXHIBIT C

B 221A
(1/88)

# United States Bankruptcy Court

_____Eastern_____ District of _____California_____

FILED

OCT 16 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re    Donald M. Waxland

Bankruptcy Case No. 07-22087-C-1

Debtor

## ORDER CONVERTING CASE UNDER CHAPTER 11 TO CASE UNDER CHAPTER 7

☐  The debtor in possession has filed a motion in accordance with 11 U.S.C. § 1112(a), seeking to convert this case to a case under chapter 7 of the Bankruptcy Code (title 11 of the United States Code). The court finds that the case is not an involuntary case originally commenced under chapter 11, and that the case has not been converted to a case under chapter 11 on other than the debtor's request.

☒  A party in interest other than the debtor has filed a motion in accordance with 11 U.S.C. § 1112(b) seeking to convert the case to a case under chapter 7 of the Bankruptcy Code (title 11 of the United States Code). The court finds, after notice and a hearing, that the motion should be granted.

IT IS ORDERED THAT:

1.  This chapter 11 case is converted to a case under chapter 7.
2.  The debtor in possession or the chapter 11 trustee shall:
    a.  forthwith turn over to the chapter 7 trustee all records and property of the estate under its custody and control as required by Bankruptcy Rule 1019(5); and
    b.  within 30 days of the date of this order, file an accounting of all receipts and distributions made, together with a schedule of all unpaid debts incurred after the commencement of the chapter 11 case, as required by Bankruptcy Rule 1019(6).
3.  The debtor within 15 days of the date of this order shall file the statements and schedules required by Bankruptcy Rules 1019(1)(A) & 1007(b), if such documents have not already been filed.
4.  The debtor within 30 days of the date of this order shall if the case is converted after the confirmation of a plan, file:
    a.  a schedule of all property not listed in the final report and account of the debtor in possession or chapter 11 trustee which was acquired after the commencement of the chapter 11 case but before the entry of this conversion order,
    b.  a schedule of executory contracts entered into or assumed after the commencement of the chapter 11 case but before the entry of this conversion order, and
    c.  a schedule of unpaid debts not listed in the final report and account of the debtor in possession or chapter 11 trustee which were incurred after the commencement of the chapter 11 case but before the entry of this conversion order, as required by Bankruptcy Rule 1019(6); and
    d.  a statement of intention with respect to retention or surrender of property securing consumer debts, as required by 11 U.S.C. § 521(2)(A) and Bankruptcy Rule 1019(1)(B), and conforming to Official Form 8A.
5.  [Other provisions as needed]

_____October 12, 2007_____
Date

_____
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United
States Bankruptcy Court for the Eastern District of California
hereby certifies that a copy of the document to which this
certificate is attached was mailed today to the following
entities listed at the address shown on the attached list or
shown below.

U.S. Trustee
501 I St #7-500
Sacramento CA 95814

DATED: 10·17·07        By: _Phelp_____
                              Deputy Clerk

EDC 3-070 (New 4/21/00)

# EXHIBIT D

FORM L55 Discharge of Debtor (v.1.0)                                                              07−22087 − C − 7



| UNITED STATES BANKRUPTCY COURT<br>Eastern District of California<br><br>**Robert T Matsui United States Courthouse**<br>**501 I Street, Suite 3−200**<br>**Sacramento, CA 95814**<br><br>(916) 930−4400<br>www.caeb.uscourts.gov<br>M−F 9:00 AM − 4:00 PM | **FILED**<br><br>**6/8/11**<br><br>CLERK, U.S. BANKRUPTCY COURT<br>EASTERN DISTRICT OF CALIFORNIA<br><br>jjas |
| --- | --- |

## DISCHARGE OF DEBTOR

Case Number:   **07−22087 − C − 7**

Debtor Name(s), Social Security Number(s), and Address(es):

Donald M. Wanland Jr.
xxx−xx−7072

705 University Ave
Sacramento, CA 95825

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

Dated:                                          For the Court,
6/8/11                                          Wayne Blackwelder , Clerk

# EXHIBIT E

BENJAMIN B. WAGNER
United States Attorney
SAMANTHA S. SPANGLER
MATTHEW D. SEGAL
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2792

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 09-cr-008 LKK |
| Plaintiff, | ) | GOVERNMENT'S BRIEF IN |
| | ) | OPPOSITION TO DEFENDANT'S |
| v. | ) | MOTION TO DISMISS THE |
| | ) | INDICTMENT |
| DONALD M. WANLAND, JR., | ) | |
| Defendant. | ) | |

I.   <u>Introduction</u>

The defendant has been facing this indictment for more than two and a half years.  It apparently has taken him that long to realize that the charge is "unclear" as to what affirmative acts of evasion the government will prove he committed within the statute of limitations.  He is also of the opinion that a proper indictment would have alleged multiple counts.  His contentions are without merit.

The indictment properly alleges that the defendant, as an ongoing course of conduct reaching into the statute, spent years evading his taxes.  Whether this can be proved is a contention for trial.

1

II.   <u>Factual Background</u>

At trial, the government anticipates proving the following:

In 1993, the defendant stopped paying his taxes.  He filed returns admitting that he had taxes due and owing.  He just didn't pay.  The IRS made efforts to collect the tax due, but the defendant did what he could to evade payment.

The defendant was the majority partner in the law partnership previously known as Wanland and Bernstein.  This partnership was formed on or about July 1, 1997, and continued until on or about September 30, 2005.  During the same period of time, the defendant and Richard Bernstein were partners in 705 University Partners, the purpose of which appears to be holding the real property of the law partnership, located at 705 University Avenue in Sacramento.  However, the defendant used the checking accounts associated with this partnership for his personal expenses, such as purchases at Wal*Mart; alimony and/or child support; an allowance for his current wife; caterers; American Express payments; MBNA America payments; The Sacramento Bee; telephones; gasoline; and swimming pool maintenance, among others.

The defendant's non-payment of his tax obligation was referred to various revenue officers for collection.  As a result, the defendant filed Offers In Compromise (OIC).  On a Collection Information Statement dated April 5, 2005, in support of an OIC, the defendant listed his monthly income as $22,500, but he listed expenses of $32,000.  In April 2005, the IRS Revenue Officer served a notice of levy on Wanland & Bernstein's law partnership and on 705 University Partners.  In a responsive letter, the defendant stated to the Revenue Officer that "Taxpayer is not employed by Wanland &

1   Bernstein and neither receives nor is owed wages or salaries.  No

2   income is owed to taxpayer either." As of June 8, 2011, the

3   defendant has been discharged from a bankruptcy proceeding, during

4   which $1,200,000 of back tax liability to the IRS was discharged.

5      The defendant and his wife live in a large house in El Dorado

6   Hills, since February 2001 when the house was purchased by the law

7   partnership of Wanland & Bernstein for approximately $795,000.  In

8   2005, the residence was valued at approximately $1,200,000.

9   However, the defendant and his wife rented the property from the law

10   partnership for $3,000 per month, despite using it as their primary

11   residence.  The rent was deducted monthly from the defendant's draw

12   account at the law firm.

13      Since at least 1998, the defendant has engaged in a pattern and

14   practice of filing individual federal income tax returns - in which

15   he essentially admits tax liability - yet he has made little or no

16   attempt to pay that tax liability, despite the availability of funds

17   from which he could have made payments to reduce the liability.

18   Meanwhile, he as engaged in an obstructive pattern of contacts with

19   the assigned Revenue Officer, promising that payment will be

20   forthcoming.  But payment has not been made.

21     III. <u>Statute of Limitations</u>

22         A.   <u>The Indictment Alleges Conduct Within the Statute of</u>

           <u>Limitations and Deserves a Trial</u>

23

24      The defendant has been facing this indictment for more than 2½

25   years.  It apparently has taken him that long to realize that it is

26   "unclear" as to which affirmative acts the government will prove he

27   committed within the statute of limitations.  Such a complaint does

28   not even entitle him to a bill of particulars.  <u>United States v.</u>

3

1  Dicesare, 765 F.2d 890, 897-898, as amended 777 F.2d 543 (9th Cir.

2  1985).   The defendant has received substantial discovery and no

3  doubt comprehends the government's proof in great detail.   See

4  Exhibit 1, a recent discovery letter, attached.   Full discovery has

5  been held to reduce or eliminate the need for a bill of particulars.

6  United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984); United

7  States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983).

8       If the defendant is not entitled to a bill of particulars, he

9  certainly is not entitled to the relief he so optimistically seeks,

10  that is, pretrial dismissal.   Judged within its four corners, the

11  Indictment alleges the elements of the offense and conduct within

12  the statute.   26 U.S.C. § 7201; United States v. Carlson, 235 F.3d

13  455, 470-71 (9th Cir. 2000); United States v. DeTar, 832 F.2d 1110,

14  1113 (9th Cir. 1987).

15            B.    The Defendant is Not Entitled to Have the Court Take
                    Evidence on this Motion
16

17       It is enough that the indictment alleges a continuing pattern

18  of conduct aimed at evading four years of tax liability.   But

19  arguments based on what the defendant thinks the government can

20  prove are for trial.   United States v. Boren, 278 F.3d 911, 914 (9th

21  Cir. 2002) (reversing district court's dismissal of a superseding

22  indictment after an evidentiary hearing); United States v.

23  Antonucci, 663 F. Supp. 245, 246 (N.D. Ill. 1987) (Criminal Rule

24  12(b) "was not intended to convert motions to dismiss into a

25  criminal case analogy of the civil practice motion for summary

26  judgment.").

27  ///

28  ///

4

1    The Court may not take evidence in resolving the defendant's

2  motion to dismiss.  Because the indictment is adequate under the

3  law, the motion must be denied.

4       C.   The Defendant's Third Argument is that the Indictment
                  is Duplicitous

5

6    It is not duplicitous to charge a single count for evasion of

7  payment of a tax liability incurred over multiple years.  United

8  States v. Shorter, 809 F.2d 54, 56-57 (D.C. Cir. 1987), abrogated on

9  other grounds, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509

10 U.S. 579 (1993).  As in Shorter, here "each affirmative act of tax

11 evasion was intended to evade payment of all taxes owed, . . . at

12 the time of the affirmative act."  Shorter, 809 F.2d at 57.   In

13 Shorter's case, this reasoning defeated his duplicity argument.  As

14 in Shorter, the four purposes of the prohibition against duplicity

15 are met here:  (1) the prevention of double jeopardy; (2) an

16 assurance of adequate notice to the defendant; (3) the provision of

17 a basis for appropriate sentencing; and (4) the danger that a

18 conviction is produced by a verdict that may not be unanimous as to

19 any one of the crimes charged.  Shorter, 809 F.2d at 58, n. 1.

20    In United States v. Garcia, 400 F.3d 816, 819 (9th Cir. 2005),

21 upon which the defendant relies for his duplicity argument, the

22 defendant was charged not with two distinct offenses, but with

23 acting as an aider and abettor and as a principal in the

24 transportation of illegal aliens.  This effectively distinguished

25 his case from United States v. Ramirez-Martinez, 273 F.3d 903, 913

26 (9th Cir. 2001), where the defendant was in fact charged with

27 distinct offenses with different mens rea elements in the same count

28 - both completed and attempted transportation of an illegal alien.

1 Because aider and abettor liability is subsumed within all other

2 charges (except where 18 U.S.C. § 2 is specifically excluded by

3 Congress), there was no duplicity in Garcia's case.

4     Likewise here, the defendant is not charged with distinct

5 crimes.  Instead, he is charged with one count of attempting to

6 evade and defeat the payment of multiple years of taxes.  There is

7 zero risk that the jury will find the defendant guilty of multiple

8 counts without reaching a unanimous verdict on each count, because

9 he is charged only with one count.

10     The provision of the <u>Carlson</u> case that the defendant quotes

11 involved charges of evasion of assessment, not evasion of payment,

12 and is completely inapposite.

13                             <u>Conclusion</u>

14     For all of the foregoing reasons, the defendant's motion to

15 dismiss the indictment must be denied.  In summary, the statute of

16 limitations on an evasion <u>of payment</u> of tax liability provides that

17 charges must be filed within 6 years of the date of the last

18 affirmative act of evasion, and the indictment, filed January 8,

19 2009, charges that date as April 14, 2005, which is well within the

20 statute of limitations period for the charged conduct.  To the

21 extent that the defendant is essentially seeking to have the Court

22 decide a Rule 29 motion, that is premature on a motion to dismiss,

23 as the Court may not look beyond the four corners of the indictment.

24 ///

25 ///

26 ///

27 ///

28 ///

1   Finally, the indictment is not duplicitous, as it merely charges

2   that the defendant sought to evade the payment of four years of

3   income tax liability.

4   Dated:   September 27, 2011          BENJAMIN B. WAGNER
                                         United States Attorney

5

6

7                                            /s/ Samantha S. Spangler
                                     by     /s/ Matthew D. Segal
8                                            Samantha S. Spangler
                                             Matthew D. Segal
9                                            Assistant U.S. Attorneys

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

# EXHIBIT F

FORM B10 (Official Form 10)(04/07)

| UNITED STATES BANKRUPTCY COURT ___ EASTERN ___ DISTRICT OF ___ CALIFORNIA | | **PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor<br>DONALD M. WANLAND JR. | Case Number<br>07-22087~11 | |
|---|---|---|

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>Department of the Treasury - Internal Revenue Service | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Name and address where notices should be sent:<br>Internal Revenue Service<br>INSOLVENCY GROUP<br>4330 Watt Ave.<br>Stop SA-5210<br>Sacramento, CA 95821<br>Telephone number: (916) 974-5754   Creditor #:SMG | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. |

**FILED**

**JUN 18 2007**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

THIS SPACE IS FOR COURT USE ONLY

| Last four digits of account or other number by which creditor identifies debtor:        see attachment | Check here ☐ replaces<br>if this claim ☐ amends   a previously filed claim, dated: _____ |
|---|---|

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☒ Taxes
- ☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of your SS #: _____
Unpaid compensation for services performed
from _____ to _____
     (date)        (date)

| 2. Date debt was incurred:        see attachment | 3. If court judgment, date obtained: |
|---|---|

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed.
See reverse side for important explanations.

**Unsecured Nonpriority Claim** $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**

☒ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $ __353,450.60__

Specify the priority of the claim:
- ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
- ☐ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☒ Real Estate  ☒ Motor Vehicle  ☒ Other __ see below*__

Value of Collateral: $ __ see below*__
*All of debtor(s) right, title and interest to property - 26 U.S.C § 6321.
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ __1,185,251.87__

- ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
- ☒ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $ ____ 1,185,251.87 ____ 353,450.60 ____ 1,538,702.47
                    (unsecured)      (secured)      (priority)      (Total)
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

10 WL

| Date<br><br>06/13/2007 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>____ /s/ LAURA LEE, Bankruptcy Advisor ____ |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service



**Form 10**
Attachment

**Docket Number**

07-22087

**Type of Bankruptcy Case**

Chapter 11

**Date of Petition**

03/27/2007

**In the Matter of:** DONALD M. WANLAND JR.
705 UNIVERSITY AVE
SACRAMENTO, CA 95825

The United States has not identified a right of setoff or counterclaim. However, this determination is based on available data and is not intended to waive any right to setoff against this claim debts owed to this debtor by this or any other federal agency. All rights of setoff are preserved and will be asserted to the extent lawful.

**Secured Claims** (Notices of Federal tax lien filed under internal revenue laws before petition date)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed: Date | Office Location |
|---|---|---|---|---|---|---|---|---|
| XX-XX-7072 | MFT31 | 12/31/1995 | 11/25/1996 | $211.46 | $4,901.21 | $5,317.47 | 05/14/2004 | EL DORADO COUN |
| XX-0320252 | WT-FICA | 12/31/1996 | 03/10/1997 | $4,412.92 | $3,739.77 | $4,604.05 | 08/01/1997 | SACRAMENTO COUN |
| | | | | | | | 05/06/2004 | EL DORADO COUN |
| XX-XX-7072 | INCOME | 12/31/1996 | 07/12/1999 | $2,304.00 | $2,002.56 | $2,314.41 | 09/20/1999 | SACRAMENTO COUN |
| | | | | | | | 05/14/2004 | EL DORADO COUN |
| XX-0320252 | WT-FICA | 03/31/1997 | 02/16/1998 | $12,487.75 | $12,836.00 | $12,450.19 | 05/19/1998 | SACRAMENTO COUN |
| | | | | | | | 05/06/2004 | EL DORADO COUN |
| XX-0320252 | WT-FICA | 06/30/1997 | 02/16/1998 | $18,292.94 | $18,261.35 | $17,412.65 | 05/19/1998 | SACRAMENTO COUN |
| | | | | | | | 05/06/2004 | EL DORADO COUN |
| XX-0320252 | WT-FICA | 09/30/1997 | 02/09/1998 | $7,028.58 | $5,068.01 | $6,385.79 | 05/06/1998 | SACRAMENTO COUN |
| | | | | | | | 05/06/2004 | EL DORADO COUN |
| XX-XX-7072 | INCOME | 12/31/1997 | 07/12/1999 | $42,367.00 | $29,939.93 | $35,281.65 | 09/20/1999 | SACRAMENTO COUN |
| | | | | | | | 05/14/2004 | EL DORADO COUN |
| XX-XX-7072 | INCOME | 12/31/1998 | 10/04/1999 | $107,755.00 | $40,504.77 | $75,002.23 | 07/20/2000 | SACRAMENTO COUN |
| | | | | | | | 05/14/2004 | EL DORADO COUN |
| XX-XX-7072 | INCOME | 12/31/2000 | 11/26/2001 | $95,381.74 | $28,915.31 | $41,143.90 | 05/14/2004 | SACRAMENTO COUN |
| | | | | | | | 10/28/2003 | EL DORADO COUN |
| XX-XX-7072 | INCOME | 12/31/2001 | 11/25/2002 | $102,403.38 | $32,003.04 | $34,333.69 | 05/14/2004 | SACRAMENTO COUN |
| | | | | | | | 10/28/2003 | EL DORADO COUN |
| XX-XX-7072 | INCOME | 12/31/2002 | 12/01/2003 | $106,583.00 | $31,961.47 | $27,833.80 | 05/05/2004 | SACRAMENTO COUN |
| | | | | | | | 05/06/2004 | EL DORADO COUN |
| XX-XX-7072 | INCOME | 12/31/2003 | 11/22/2004 | $143,483.00 | $40,835.30 | $29,492.55 | 01/24/2005 | SACRAMENTO COUN |
| | | | | | | | 02/01/2005 | EL DORADO COUN |
| | | | | $642,710.77 | $250,968.72 | $291,572.38 | | |

**Total Amount of Secured Claims:** $1,185,251.87

**Unsecured Priority Claims** under section 507(a)(8) of the Bankruptcy Code

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|---|
| XX-XX-7072 | INCOME | 12/31/2004 | 1 UNASSESSED-NO RETURN | $110,657.15 | $16,519.07 |

(Continued on Page 2)

UNASSESSED TAX LIABILITIES(S) HAVE BEEN LISTED ON THIS CLAIM BECAUSE OUR RECORDS SHOW NO RETURN(S) FILED. WHEN THE DEBTOR(S) FILES THE RETURN OR PROVIDES OTHER INFORMATION AS REQUIRED BY LAW THE CLAIM WILL BE AMENDED.

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service



**Form 10**
Attachment

| Docket Number |
| --- |
| 07-22087 |

In the Matter of: DONALD M. WANLAND JR.
705 UNIVERSITY AVE
SACRAMENTO, CA 95825

**Type of Bankruptcy Case**

Chapter 11

**Date of Petition**

03/27/2007

## Unsecured Priority Claims (Continued from Page 1)

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
| --- | --- | --- | --- | --- | --- |
| XX-XX-7072 | INCOME | 12/31/2005 | 1 UNASSESSED-NO RETURN | $56,913.20 | $4,355.73 |
| XX-XX-7072 | INCOME | 12/31/2006 | 1 UNASSESSED-NO RETURN | $165,005.45 | $0.00 |
| | | | | $332,575.80 | $20,874.80 |

**Total Amount of Unsecured Priority Claims: $353,450.60**

⋮

UNASSESSED TAX LIABILITIES(S) HAVE BEEN LISTED ON THIS CLAIM BECAUSE OUR RECORDS SHOW NO RETURN(S) FILED. WHEN THE DEBTOR(S) FILES THE RETURN OR PROVIDES OTHER INFORMATION AS REQUIRED BY LAW THE CLAIM WILL BE AMENDED.